IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH PLEZIA, | ) | CASE NO. 1:17 CV 1765 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Keith Plezia, for disability insurance benefits and supplemental security income.[2]  The Commissioner has answered[3] and filed the transcript of the administrative record.[4]  Pursuant to my initial[5] and

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated August 23, 2017.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 9.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts.[8] Plezia did not file the required fact sheet.[9]  The parties  have participated in a telephonic oral argument.[10]

     For the reasons set forth below, I recommend that the decision of the Commissioner be affirmed as supported by substantial evidence.

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

     Plezia, who was 41years old at the time of the administrative hearing,[11] has a high school education.[12]  His past relevant employment history includes work as a truck driver.[13] The ALJ, whose decision became the final decision of the Commissioner, found that Plezia had the following severe impairments: hypertension; gout; obesity; dysfunction of major joints; and spine disorder (20 CFR 404.1520(c) and 416.920(c)).[14]

---

[6] ECF # 10.

[7] ECF # 15 (Commissioner's brief); ECF # 13 (Plezia's brief).

[8] ECF # 15, Attachment 1 (Commissioner's charts); ECF # 14 (Plezia's charts).

[9] *See* ECF # 10.  Plezia's counsel failed to file the required fact sheet even after chambers staff emailed counsel requesting the fact sheet.

[10] ECF # 17.

[11] ECF # 9, Transcript ("Tr.") at 11, 23.

[12] *Id*. at 39.

[13] *Id*. at 23.

[14] *Id*. at 14.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Plezia's residual functional capacity ("RFC"):

> "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can climb ramps and stairs occasionally, and never climb ladders, ropes, or scaffolds.  He can balance frequently, and occasionally stoop, kneel, crouch, and crawl."[15]

The ALJ decided that this residual functional capacity precluded Plezia from performing his past relevant work.[16]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Plezia could perform.[17]  The ALJ, therefore, found Plezia not under a disability.[18]

## B.    Issue on judicial review

Plezia asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Plezia presents the following issue for judicial review:

- •    Whether the ALJ erred at Step Five of the sequential evaluation.

---

[15] *Id.* at 15.

[16] *Id.* at 23.

[17] *Id.* at 23-24.

[18] *Id.* at 24.

For the reasons that follow, I recommend that the ALJ's finding of no disability is supported by substantial evidence and, therefore, should be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions.  However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Subjective symptom evaluation*

As the Social Security Administration has recognized in a policy interpretation ruling on evaluating symptoms in disability claims,[22] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms will be considered with other relevant evidence in deciding disability:

> If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. . . . We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.[23]

The regulations also make the same point.

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Social Security Ruling ("SSR") 16-3p, Evaluation of Symptoms in Disability Claims, 2017 WL 5180304.

[23] *Id.* at *6.

-5-

We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[24]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[25]

As a practical matter, in the evaluation of subjective symptoms, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[26] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his or her claim.

The regulations set forth factors that the ALJ should consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain;

---

[24] 20 C.F.R. § 416.929(c)(2).  The Court notes that the regulatory provisions governing disability insurance benefits and supplemental security income are substantially similar; therefore, the Court may cite to one or both of these programs interchangeably within this report and recommendation.

[25] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).

[26] 20 C.F.R. § 404.1529(c)(3).

precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[27]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents evidence of these factors consistent with other evidence in the record, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

Importantly, evaluation of subjective symptoms is not an assessment of the claimant's character or truthfulness.[28]  Instead, the ALJ's examination must focus on "whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the [claimant]'s symptoms and given the [ALJ]'s evaluation of the [claimant]'s symptoms, whether the intensity and persistence of the symptoms limit the [claimant]'s ability to perform work-related activities . . . ."[29]  The Social Security ruling makes clear that "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be *clearly*

---

[27] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[28] SSR 16-3p at *11.

[29] *Id.*

*articulated* so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."[30]

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. A court may not disturb the ALJ's "analysis and the conclusions drawn from it – formerly termed a credibility determination –" absent compelling reason.[31]

**B.    Application of standards**

This case presents a single issue, which Plezia has framed as reversible error in finding him capable of light work at Step Five.  More accurately, this case presents a challenge to the RFC finding at Step Four.  Plezia's argument rests on the assertion that the ALJ failed to or inadequately performed the analysis of Plezia's complaints of pain, its severity, and its limiting effects.  Plezia maintained at the oral argument that the ALJ relied too heavily on his activities of daily living, the conservative scope of treatment he received, and the representation he made in applying for unemployment benefits during the claimed period of disability.[32]

---

[30] SSR 16-3p at *10 (emphasis added).

[31] *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560 (E.D. Mich. May 8, 2018) (citing *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011); *Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)), *report and recommendation adopted by Robinson v Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2431689 (E.D. Mich. May 30, 2018).

[32] Tr. at 20.  With respect to the application for unemployment benefits, the ALJ stated, "The undersigned notes that in order to obtain unemployment compensation, a claimant is required to tell the state that he is able and willing to work, and is looking for work."  *Id.*

The ALJ set out the proper process for analyzing pain,[33] reviewed Plezia's complaints,[34] analyzed the objective evidence,[35] analyzed the non-objective factors for assessing Plezia's pain,[36] and ultimately discounted Plezia's allegations regarding his symptoms.[37]  The ALJ's articulation is well-organized and thorough.  In fact, it is very close to "textbook" quality.

The ALJ's analysis of source opinions is also impressive.  The only acceptable medical sources are the state agency reviewing physicians.  The first opinion by Dr. Cruz concluded that the RFC should be medium.[38]  The ALJ gave this opinion little weight.[39]  The opinion of Dr. Hughes on reconsideration concluded Plezia could perform light work, which the ALJ gave great weight.[40]

Plezia presented the opinions of a chiropractor and two nurses, which are not considered acceptable medical sources under the regulations.  The ALJ assigned these opinions little weight as she found them unsupported by the objective and subjective

---

[33] *Id.* at 15.

[34] *Id.* at 15-16.

[35] *Id.* at 16-19.

[36] *Id.* at 19-20.

[37] *Id.* at 16.

[38] *Id.* at 20-21.

[39] *Id.* at 21.

[40] *Id.*

evidence in the record.[41]  Plezia does not challenge directly the weight assigned to these opinions by the ALJ or the quality of the articulation.  As Plezia confirmed at the oral argument, the record contains no opinion of an acceptable medical source supporting his argument.

This a substantial evidence challenge to the ALJ's RFC.  Under the deferential substantial evidence standard, and in the face of a well-written decision and the absence of acceptable medical source opinions supporting Plezia's argument, the ALJ's decision should be affirmed.

It bears mentioning that Plezia was 44 years old as of the date of decision (April 12, 2017).[42]  Even at a sedentary RFC, Plezia would not be found disabled under the Grids.  The ALJ posed a hypothetical to the VE incorporating sedentary work with the use of a cane for ambulation.[43]  In response, the VE identified a significant number of jobs in the regional and national economies.[44]  Therefore, any error with the light work RFC would be harmless.[45]

## Conclusion

---

[41] *Id.* at 21-22.

[42] *Id.* at 11, 25.

[43] *Id.* at 64.

[44] *Id.*

[45] *Soto v. Comm'r of Soc. Sec.*, No. 1:15CV1484, 2016 WL 3692125, at **6-7 (N.D. Ohio Jul. 12, 2016); *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 914-15 (N.D. Ohio 2005).

-10-

Substantial evidence supports the finding of the Commissioner that Plezia had no disability.  Accordingly, I recommend that the decision of the Commissioner denying Plezia disability insurance benefits and supplemental security income be affirmed.


Dated:  June 14, 2018                                    s/ William H. Baughman, Jr.
                                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[46]

---

[46] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).